IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00034-BNB

THOMAS EARL REED,

     Applicant,

v.

ROBERT KURTZ, HCCC Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 7 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

I. Background

     Applicant Thomas Earl Reed is a prisoner in the custody of the Colorado

Department of Corrections at the Huerfano County Correctional Center in Walsenburg,

Colorado. Mr. Reed initiated this action by filing a **pro se** Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction

in the Arapahoe County District Court in Case No. 78CR6755. In an order entered on

January 14, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-

Answer Response limited to addressing the affirmative defenses of timeliness under 28

U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A). On February 23, 2009, Respondents filed a Pre-Answer Response.

Mr. Reed did not file a Reply within the time allowed.

     Mr. Reed asserts that on December 11, 1978, he was convicted by a jury trial of

two counts of murder in the first degree, one count of arson, and one count of attempt

to commit a sexual assault. He further asserts that he was sentenced to two terms of natural life, plus two forty-year sentences, all of which were to run concurrently. Mr. Reed states that he filed a direct appeal, in which the judgment and conviction was affirmed on July 2, 1981, but that his counsel never conferred with him regarding the possibility of seeking certiorari review in the Colorado Supreme Court.

Mr. Reed further asserts that he filed a Colo. R. Crim P. 35(c) postconviction motion on February 27, 2002. He claims that the trial court did not enter a decision on the Rule 35(c) motion, but that he proceeded with an appeal, which was dismissed without prejudice on December 28, 2004. Mr. Reed states that he filed a petition for certiorari review in the Colorado Supreme Court regarding the February 27, 2002, motion that was denied on June 20, 2005. Mr. Reed further states that he filed a second Rule 35(c) motion on May 16, 2006, and that the trial court granted the motion with respect to the merging of his two murder convictions but otherwise denied the motion. Mr. Reed also states that he appealed the trial court's denial and that on July 31, 2008, the Colorado Court of Appeals affirmed the trial court's denial, but that he did not appeal the court of appeals' decision.

II. Analysis

The Court must construe liberally Mr. Reed's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

2

A.  28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Mr. Reed's conviction and sentence became final on February 28, 1982, ninety days after the Colorado Supreme Court denied certiorari review.  Respondents argue that Mr. Reed should have filed his habeas Application by

April 24, 1997. (Answer at 3.) They further contend that because Mr. Reed did not file his first postconviction motion until February 27, 2002, which is well after April 24, 1997, the one-year statute of limitations expired, and the action is time-barred under 28 U.S.C. § 2244(d). (Answer at 3.)

In the absence of any reason to toll the limitations period, Applicant should have initiated this action by April 24, 1997, one year after 28 U.S.C. § 2244(d) became effective. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003). Even if Mr. Reed had filed a Rule 35(c) postconviction motion on February 27, 2002, the time from April 24, 1996, until February 26, 2002, the day prior to when he filed the Rule 35(c) motion, a period of almost six years, is not tolled. The Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Reed does not allege that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that there were any impediments to filing an application that were created by state action or that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from

4

timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th cir. 2000). Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Reed bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Reed fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. Although Mr. Reed asserts in his Application that the action is timely because he filed this action within one year of the date his postconviction motion was final, he misstates the law under 28 U.S.C. § 2244(d). Under § 2244(d), Mr. Reed has one year from the date his conviction and sentence became final to file a federal habeas action. During the time he has a postconviction motion or collateral proceeding pending in state court the one-year time limitation is tolled. As stated above, because Mr. Reed's conviction and sentence became final prior to April 24, 1996, he had only until April 24, 1997, to file a habeas action in this Court. Mr. Reed did not have a postconviction motion or a collateral proceeding pending in state court during the time between April 24, 1996, and April 24, 1997. Therefore, the time under § 2244(d) has run for Mr. Reed to file a habeas action in this Court.

To the extent that Mr. Reed may claim ignorance of the law for not filing a timely habeas action in this Court, the Tenth Circuit has found that it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not

5

excuse prompt filing." ***Marsh v. Soares***, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting

***Fisher v. Johnson***, 174 F.3d 710, 714 (5th Cir. 1999)).  The Court finds that Mr. Reed

fails to demonstrate that equitable tolling is appropriate, and the instant action is barred

by the one-year limitation period.

        B.  State-Court Exhaustion

        Because the action clearly is time-barred, the Court will refrain from addressing

whether Mr. Reed has exhausted his state court remedies.

III.  Conclusion

        Based on the above findings, the Court will deny the Application and dismiss the

action as barred from federal habeas review because the Application is time-barred

under 28 U.S.C. § 2244(d).  Accordingly, it is

        ORDERED that the Application is denied and the action is dismissed because it

is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

        DATED at Denver, Colorado, this _16_ day of _____April_____, 2009.

                                            BY THE COURT:

                                            ZITA L. WEINSHIENK, Senior Judge
                                            United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-00034-BNB

Thomas Earl Reed
Prisoner No. 45139
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

Elizabeth Rohrbough
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _4/17/09_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk